Tara J. Amboh
Uinta Band Utah Indian
Post Office Box 155
Neola, Utah 84053
Telephone: (385) 282-3534

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Tara Jeanne Amboh, as Uinta Band Utah Indian, <br><br>Plaintiff, <br><br>v. <br><br>DUCHESNE COUNTY, a political subdivision of the State of Utah, and Duchesne County, Attorney Stephen Foote <br><br>Defendant(s), | Case No. _____ <br><br>COMPLAINT FOR DAMAGES, FOR VIOLATIONS OF CIVIL CONGRESSIONAL TREATY RIGHTS AND FOR DECLARATORY INJUNCTIVE RELIEF <br><br>Case: 2:21-cv-00564 <br>Assigned To : Romero, Cecilia M. <br>Assign. Date : 9/27/2021 <br>Description: Amboh v Duchesne County et al |

Plaintiff Tara J. Amboh, brings this Complaint for Damages for Violations of Indian Civil Rights and Congressional Treaty Rights and Declaratory and Injunctive Relief against Defendants. Plaintiffs allege against Defendants upon knowledge as to themselves and all matters of public record, and upon information and belief as to all other matters, as follows:

I.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331, 1343(a)(3) and (4), and ICRA, 25 U.S.C. 1301-1304, and 42 U.S.C. Sec. 1983. The Federal Court has jurisdiction over the state law claims pursuant to 38 U.S.C. 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391(a).

**PARTIES**

3. Plaintiff Tara J. Amboh, resident of Duchesne County, which is Uinta Valley Treaty Reserve 1861-1864. The Uinta Band of Utah Indians and the United States congress exercises congressional authority over Uinta Valley Treaty Reserve and Plaintiff Amboh Uinta Band of Utah Indian's alleged State of Utah offenses committed within the boundaries of Mandated, (by the 10th Cir. Appeals Court) Indian Country, 18 U.S.C. 1151 of the Uinta Valley Treaty Reserve of 1861-1864. The Indian Country boundaries remains unchanged since the Treaty-Executive Order of 1861, affirmed by congress in 1864, which the Uinta Band of Utah Indians can assert and claims the Uinta Executive Order, dated Oct. 3, 1861 (1 Kappler 900), and affirmed by Congress, by the Uinta Indian Act, dated May, 5, 1864 (13 Stat. 63), and Treaty

of Guadalupe Hildago (9 Stat. 922), dated Feb. 2, 1848 with United States-Mexico.

4. Defendant, Stephen Foote, Prosecutor for Duchesne County Attorney, is an attorney with the Duchesne County Department. Upon information and belief, at all times material hereto, Duchesne Attorney Stephen Foote is a resident of Duchesne County. At all times material hereto, Duchesne Attorney Stephen Foote is Duchesne County officer and being a public employee is liable for terms defined in the Tort Claims, Waivers of Immunity, within the Utah Code Ann. 63G-7-301, and was acting within scope of his duties as well as under color of State law. The lack of knowledge on mandated Indian Country's federal jurisdiction status, does not exist by the arresting Roosevelt officer Charles Cox whose citation was based upon State legislated charges, which State legislations are not applicable without Congressional approval or an act of Congress involving the Uinta Valley Treaty Reserve rights. The presiding Duchesne County Court Judge Samuel Chiara is just as lacking knowledge in dealing with other federally recognized Indians, this is why Plaintiff Amboh has acted to filed against the DUCHESNE COUNTY, a political

subdivision of the State of Utah, and Duchesne County Attorney Stephen Foote, is sued personally and in his official capacity, and Duchesne County is being sued for Declaratory and Injunctive Relief.

5. Defendant Eighth District of Court - Duchesne County, State of Utah is a governmental entity of the State of Utah as defined in the; <u>Notice of Claim Against a Governmental Entity or a Government Employee</u>, Utah Tort Claims Act, Utah Code Ann. 63G-7-401, when a claim arises - Notice of claim requirements - Governmental entity statement - Limits on challenging validity or timeliness of notice of claim.

6. Defendant Eighth District Court Duchesne County, State of Utah is sued in general and as provided by law for declaratory and injunctive relief, based upon the claims of Plaintiff Amboh who was prosecuted by Stephen Foote, that ignored Plaintiffs claims to Indian Country jurisdiction.

### III.

**CLAIMS OF THE PLAINTIFF**

7. Plaintiffs incorporate all of the foregoing as if fully set forth herein.

8. On or about December 7, 2021 in Eighth District

Court Duchesne County, State of Utah, where Duchesne County Attorney, Stephen Foote alleged State infraction violations with State legislating codes, without any State subject matter jurisdictional authority. Where the State Court acted to assert State authority over Plaintiff without declaring jurisdiction complained about herein. Roosevelt is mandated as Indian Country, 18 U.S.C. 1151.

9. While Tara J. Amboh was being charged with; <u>Interference With Arresting Officer</u>, and <u>Operating Vehicle Without Insurance</u>, in Duchesne County, placed in handcuffs and arrested taken to Duchesne County Jail and was told to pay $20.00 to get out and get an attorney. This was extreme and unnecessary force on Tara J. Amboh's who did not commit a major crime to be handcuffed and put in jail, in Indian Country jurisdiction. The officer refused to call the BIA and placed Plaintiff Amboh into the Duchesne County State Court system, where the prosecutor requested Jury Trial on an infraction, where the Duchesne County Court sidestepped acknowledging Indian Country jurisdiction applies to Ute Tribal Court in the first instance.

10. Plaintiff Tara J. Amboh, was not resisting,

only challenging jurisdiction, and Duchesne County Officer (refused to call BIA) who seems to take great pleasure and delight by abusing Tara J. Amboh, and in fact laughed about the incident.

11. Plaintiff Tara J. Amboh was shocked, repulsed, humiliated, ashamed and distraught at being subject to these degrading and dehumanizing invasions of her privacy, and suffered irreparable personal injury from the obvious abuse and use of extreme and unnecessary force by Duchesne County Officer, which was obviously designed for the gratification by the Duchesne County Officer and other Duchesne County Officers present at the scene.

12. Other Duchesne County Officer, present at the scene, who witnessed the incidents complained of herein, were very concerned for the safety and welfare of Tara J. Amboh as result of the abuse and extreme and unnecessary use of force by Roosevelt City Officer Charles Cox of Duchesne County complete disregard for the health and safety of Tara J. Amboh.

**IV.**

**FIRST CAUSE OF ACTION**

**(Civil Rights Violation Under 42 U.S.C. 1983, and the Indian Civil Rights Act 25 U.S.C. 1301-1303)**

13. Plaintiff incorporated all of the foregoing as if fully set forth herein.

14. Above-described acts and omissions of Duchesne county officers were unreasonable, shocking to the conscience, were committed intentionally, maliciously, willfully and/or with reckless deliberate indifference, in violation of the following clearly established Congressional Treaty Rights and constitutional rights of which a reasonable officers would have been aware:

- (a) Plaintiff Amboh's Indian Civil Rights Act 25 U.S.C. 1301-1303 rights to due process of law and encroachment on equal protection of the law; and

- (b) Plaintiff Amboh's Fourth Amendment rights to due process of law and equal protection of the law; and

- (c) Plaintiff Amboh's Eighth Amendment rights to be free from cruel and unusual punishment, as well as excessive force, and/or Fourteenth Amendment rights to substantive and procedural due process, and to privacy.

15. The above-described acts and omissions of Duchesne County Officer were motivated by improper motives and intent, and involved reckless and callous indifference to Plaintiff Amboh's federally protected Treaty rights as Uinta Band Member of Utah Indian,

justifying an award of punitive irreparable damages.

16. These acts and omissions were direct and approximate causes of the injuries complained of by Plaintiff Amboh herein, as set forth below.

17. The acts and omissions of Duchesne County Officer as set forth above were undertaken under color of state law and operated to deprive Plaintiff, Tara J. Amboh, of her Federal Treaty Reserved Rights. Defendant Stephen Foote is liable in his individual and official capacity for damages approximately caused by these acts and omissions by requesting Jury Trial that consisted of four individuals, where one person did not show for Jury duty, which nullified the Jury. (all non-Indians)
Plaintiff, Tara J. Amboh, is also entitled to injunctive relief against the Defendants, including the permanent injunction prohibiting Defendants from engaging in the unlawful practice and procedure complained about in the Tenth Circuit Court, has already issued two decision arising out of, Ute Indian Tribe v. States of Utah, 114 F. 3d 1513 (10th Cir. 1997); and the Ute Indian Tribe v. State of Utah, 790 F. 3d 1000 (10th Cir. 2015).

18. As the direct and proximate cause of

Defendants violations against Plaintiff Tara J. Amboh's constitutional rights, and Congressional Treaty Reserved Rights of Plaintiff Tara J. Amboh, where the Duchesne County Court, by Jury found her guilty, with 90 hours community service, all without subject matter jurisdiction, when dealing with Indian Property that was impounded. These are irreparable damages as set forth below;

V.

**SECOND CAUSE OF ACTION**

**(Claims Arising Under the Utah Tort Claims Act)**

19. Plaintiffs incorporate all of the foregoing as if fully set forth herein.

20. The conduct of Defendants, described above, resulted in personal injury, taking of Indian Property for State and County Taxes against Plaintiff Tara J. Amboh, as the result in the Eighth District Court – Duchesne County, State of Utah. <u>Minutes Sentence, Judgment, Commitment</u>, Case No. 201800404 MO, Judge Samuel P. Chiara, dated August 30, 2021. **(attached herein)** In excessive and unnecessary force, and/or deprivation of Indian Country jurisdictional rights, privileges or immunities secured by the U.S. Constitution and Treaty

laws of Uinta Valley Treaty Reserve of 1861-1864 by the United States Congress.

21. The Duchesne County Police Department is the governmental entity being the immediate supervisory responsibility over the actions of its Duchesne County Police Officers, including but not limiting these responsibility to Duchesne County Commissioners. Therefore, the Duchesne County Police Department is jointly and severally liable for all injuries and damages caused by the negligence or intentional acts against Plaintiff Amboh under the doctrine of vicarious liability. All non-Indian Officers are held liable for damages within Indian Country jurisdiction.

22. The conduct of Defendants was the direct and proximate cause of the injuries and damages to Plaintiffs Amboh as set forth below.

23. All of the acts or omissions which constitute the basis for liability herein come within the scope of the waivers of immunity contained with the Utah Tort Claims Act.

24. To the extent required, Plaintiff Amboh have given written notice of the claims contained herein, in compliance with Utah Tort Claims Act.

25. As the direct and proximate cause of Defendants conduct, Plaintiff Amboh's suffered damages as set forth below.

## VI.

## THIRD CAUSE OF ACTION

### (CLAIM FOR RACIAL DISCRIMINATION AND INJUNCTIVE AND DECLARATORY RELIEF)

26. Plaintiffs incorporate all of the foregoing as if fully set forth herein.

27. Plaintiff Tara J. Amboh, is Member of Uinta Band of Utah Treaty Indians or Native American member. Plaintiff Amboh seeks judgment declaring that Defendants must cease the activities described herein, and enjoining Defendants from any further activities of this nature without just cause and in accordance with federally established Indian Country procedures into Tribal Court.

28. The constitutional and congressional act have been violated as alleged herein, arise from Duchesne County official policies and practices sanctioned by State of Utah Defendants, does not apply to Native Indians in Indian Country boundaries.
The irreparable harm which Plaintiff Amboh have sustained is directly traceable to Duchesne County's officially

sanctioned police along with State of Utah procedures. The Duchesne County Police Department has had the long standing history of abusing and discriminating against Uinta Treaty Indian members and other Ute Indians members, and denying Native Americans due process of law, as well as treating Native Americans harshly and inhumanely while denying Natives equal protection under tribal and federal laws in Indian Country.

29. Plaintiff Amboh's do not have plain adequate, speedy, or complete remedy at law to address the wrongs alleged in this Complaint, and Plaintiff Amboh as well as other Ute Tribal members, have suffered irreparable injury as the result of Defendants misconduct unless injunctive and declaratory relief is granted by this court.
Plaintiff Amboh is in real and immediate danger of sustaining future, direct injury as the result of Defendants Duchesne County Official policies and practices that are ongoing at the time of this complaint.

30. No cognizable burden will be placed on Defendants by requiring that the actions of Duchesne County Officers, as well as all of Duchesne County Officers of the Duchesne County Police Department, be

undertaken only when warranted and necessary, and in accordance with federal law. The public interest would be greatly enhanced by enforcement of policies and practice which adheres to the requirements of the State and Federal Constitution. Absent injunctive relief, there is no guarantee that the Defendants will cease there illegal policies and practices as alleged herein.

31. By reason of the foregoing, Plaintiff Amboh is entitled to declaratory and injunctive relief and irreparable harms as set forth.

## VII.

### DAMAGES

32. Plaintiffs incorporate all of the foregoing as if fully set forth herein.

33. As the direct and proximate result of the wrongful and unlawful actions of Defendants, described above, Plaintiff, Tara Amboh was injured and has suffered and continues to suffer damages, including but not limited to distress, personal injury, anguish, suffering, humiliation, deprivation of congressional Uinta Valley Treaty Reserved rights, and other incidental, consequential, and special damages.

34. Defendants acts and omission, as set forth

herein, were malicious, reckless, wanton, oppressive, and/or fraudulent, justifying and award of punitive damages against the individually named Defendants in their personal capacities, for the purpose of punishment and to deter others that the State Laws do not apply to Native Indians in Indian Country's federal policy, or on commissions of same offenses that Plaintiff suffered.

WHEREFORE, Plaintiff Amboh respectfully pray for and demand judgment against the Defendants as follows:

(a) For judgment against Defendants for compensatory damages, special damages, consequential damages and incidental damages under any or all causes of action, in an amount to be determined by this cause of action;

(b) For judgment declaring Indian Civil rights was violated by the Defendants;

(c) For injunctive relief;

(d) For reasonable fees and costs incurred herein;

(e) For pre-judgment and post-judgment interest in amounts to be determined according to law;

(f) For an award of punitive and exemplary damages, in an amount to be determined in this cause, and;

(g) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 27 day of September 2021.

*[signature]*
Tara J. Amboh
Uinta Band Member          14 of 14