IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TARA JEANNE AMBOH,<br><br>                  Plaintiff,<br>v.<br><br>DUCHESNE COUNTY et al,<br><br>                  Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 2:21-cv-00564-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

      This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 30). Before the court are Defendant Stephen Foote's (Mr. Foote) Motion to Dismiss and/or Motion for Judgment on the Pleadings (ECF 22), and Defendant Eighth District Court, Duchesne County's (Eighth District Court) Motion to Dismiss for Failure to State a Claim (ECF 23). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons stated herein, the undersigned RECOMMENDS that the court GRANT Defendants' Motions (ECF 22 and 23) and also DISMISS Defendant Duchesne County (Duchesne County) as Plaintiff has failed to timely effectuate service.

## I.    BACKGROUND

      The court received Tara Jeanne Amboh's (Plaintiff or Ms. Amboh) Complaint (ECF 1) on September 27, 2021. Though not clear from the caption, it appears Plaintiff filed a Complaint against three Defendants: Mr. Foote, the Eighth District Court, and Duchesne County (ECF 1 ¶ 4–5). Almost a year later, the court issued a Docket Text Order (ECF 9) ordering Ms. Amboh "to show cause why the [] case should not be dismissed for failure to serve and/or failure to prosecute." Ms. Amboh responded to the order and requested an extension of time to properly serve the

1

Defendants, which the court granted and ordered service by November 27, 2022 (ECF 11). Ms. Amboh was again reminded failure to properly effect service by the deadline may result in dismissal (ECF 11). Summons were only returned, albeit after the November 27, 2022 court ordered deadline, for Mr. Foote and the Eighth District Court (ECF 14 and 15). The docket does not reflect that Duchesne County has ever been served.

Mr. Foote filed his Motion on December 21, 2022 (ECF 22). The Eighth District Court filed its Motion shortly after on January 5, 2023 (ECF 23). Ms. Amboh responded to Mr. Foote's Motion on January 10, 2023 (ECF 24) and to the Eighth District Court's Motion on February 1, 2023 (ECF 32). No Reply was filed by Mr. Foote, but the Eighth District Court filed a Reply to its Motion (ECF 33) on February 16, 2023. Mr. Foote, however, filed a "Notice of Incorporation" (ECF 28) through which Mr. Foote incorporated "in his Motion by reference the arguments and authority set forth by the" Eighth District Court's Motion to Dismiss (*id.* at 2).

As alleged in the Complaint, Ms. Amboh is a resident of Duchesne County and member of the Uintah Band of Utah Indians (ECF 1 at ¶¶ 3, 15). She brings this lawsuit alleging that on or about December 7, 2022¹, Mr. Foote and the Eighth District Court, "alleged State infraction violations with State legislating codes, without any State subject matter jurisdictional authority" over her (*id.* at ¶ 8). According to the Complaint, Ms. Amboh was charged with interference with an arresting officer and operating a vehicle without insurance, arrested and "taken to Duchesne County Jail" while "in Indian Country jurisdiction" (*id.* at ¶ 9). Ms. Amboh alleges "the Duchesne County Court sidestepped acknowledging Indian Country jurisdiction applies to Ute Tribal Court in the first instance" (*id.*). Ms. Amboh argues the prosecution against her violated her rights after ignoring her "claims to Indian Country jurisdiction" (*id.* at ¶ 6).

Ms. Amboh asserts this court has jurisdiction over this action under 28 U.S.C. § 1331, 1343(a)(3) and (4), the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1301-1304, and 42 U.S.C. § 1983 (ECF 1 at ¶ 1). She also argues that the court has jurisdiction over her state law claims under 38 U.S.C. § 1367 (*id.*). Through her Complaint, Ms. Amboh identifies three different causes of action (*id.* at ¶¶ 14, 20, 27). In the first cause of action, Ms. Amboh asserts a claim for civil rights violations under 42 U.S.C. § 1983 and ICRA against Defendants. She argues Duchesne County officers, but more specifically, Mr. Foote is "liable in his individual and official capacity for damages" and asks for a permanent injunction against all Defendants under § 1983 and ICRA (*id.* at ¶ 17). In the second cause of action under the Utah Tort Claims Act, Ms. Amboh asserts that the "Duchesne County Police Department is jointly and severally liable for all injuries and damages" she suffered under the doctrine of vicarious liability (*id.* at ¶ 21). In the third cause of action for Racial Discrimination and Injunctive Relief, Ms. Amboh requests declaratory and injunctive relief "enjoining Defendants from any further activities of this nature without just cause and in accordance with federally established Indian Country procedures into Tribal Court" (*id.* at ¶ 27).

Ms. Amboh alleges she is entitled to relief as she has and continues to suffer from "distress, personal injury, anguish, suffering, humiliation, deprivation of congressional Uintah Valley Treaty Reserved rights, and other incidental, consequential, and special damages" (ECF 1 at ¶ 33). The specific relief Ms. Amboh asks for includes damages, a judgment declaring Defendants violated ICRA, reasonable fees and costs, pre and post judgment interest, punitive and exemplary damages, and any other relief the court deems proper (*id.* at 14).

In addition to the allegations and requests made in the Complaint, Ms. Amboh has attached three exhibits to the Complaint. Exhibit A appears to be a copy of a letter to the President of the United States dated October 3, 1861 regarding the designation of a reservation in the Uintahs in

Utah (ECF 1-1). Exhibit B includes documents related to Ms. Amboh's state court proceedings, an arrest report from the Roosevelt Police Department, and other related documents (ECF 1-2). Exhibit C contains Plaintiff's motion to dismiss addressed to the state court and an order issued by this court from 1992 (ECF 1-3).

The Complaint does not explicitly allege that the arrest or incidents leading to the arrest transpired in Roosevelt City, Utah (Roosevelt City), only that the events took place in Duchesne County (ECF 1 at ¶ 9). Ms. Amboh, however, does mention that the police officer who used extreme force in her arrest was from the Roosevelt Police Department (*id.* at ¶ 11) and that "Roosevelt is mandated as Indian Country" (*id.* at ¶ 8). The court also takes judicial notice of Exhibit B[1] which in part contains an Arrest Report from the Roosevelt Police Department stating that the crimes charged against Ms. Amboh and her arrest occurred in Roosevelt City (ECF 1-2 at 7–8).

Mr. Foote's Motion (ECF 22) states that the charges and conviction against Ms. Amboh stem from a traffic stop of Ms. Amboh, that the entire incident occurred in Roosevelt City, and Ms. Amboh appealed her conviction, but the appeal remains pending (*id.* at 2). Mr. Foote moves for dismissal under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(c) arguing the claims against him should be dismissed as he "enjoys Eleventh Amendment and prosecutorial immunity" (*id.* at 3). Mr. Foote also argues the claims against him are barred by the Governmental

---

[1] Ms. Amboh attached and presumptively requests that the court take judicial notice of the documents related to her arrest (ECF 1-2). The court finds that these documents directly relate to the case at hand and therefore find it appropriate to take judicial notice of the documents. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation and internal quotation marks omitted). Thus, consideration of these documents in resolving Defendants' Motions to Dismiss is appropriate. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) notice without converting the motion to dismiss into a motion for summary judgment") (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006))).

4

Immunity Act of Utah (UGIA) (*id.* at 5), qualified immunity (*id.* at 7), collateral estoppel, namely that it is established Roosevelt City is not within Indian Country (*id.* at 8), the Anti-Injunction Act (*id.* at 9), the *Younger* abstention doctrine (*id.* at 10), the *Rooker-Feldman* doctrine (*id.*), and Ms. Amboh's lack of standing and failure to meet pleading requirements (*id.* at 11–13).

The Motion by the Eighth District Court argues that the Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF 23 7–8). The Eighth District Court first argues that the § 1983 claims against the Eighth District Court should be dismissed as the court itself is not a person under the meaning of the statute (*id.* at 5). The Eighth District Court also argues any claims under ICRA are barred as the statute does not provide a private cause of action (*id.* at 12) and that the UGIA bars Ms. Amboh's state-law claims. Despite not being a named defendant, the Eighth District court Court's Motion also argues that any claims against the Judge who convicted Ms. Amboh are barred by judicial immunity, the Federal Courts Improvement Act, and the *Younger* abstention doctrine (*id.* at 16).

## II.     LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570) (2007)). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing

*Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted* 2021 WL 76163 (D. Utah Jan. 8, 2021).

The court construes pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

### III.     MOTIONS TO DISMISS

Here, the court finds Ms. Amboh's Complaint fails to state a claim upon which relief can be granted and is therefore subject to dismissal under Rule 12(b)(6). The premise of Ms. Amboh's case is that the officer who arrested her, and the prosecutor, court, and county involved with her criminal conviction, acted without jurisdiction over her because the arrest occurred on land under Indian Country Jurisdiction and because of her tribal status (ECF 1 at ¶¶ 4–6). Indeed, Ms. Amboh's first cause of action alleges that her rights were violated without subject matter jurisdiction pursuant to *Ute Indian Tribe v. State of Utah*, 114 F.3d 1513 (10th Cir. 1997), and *Ute Indian Tribe v. State of Utah*, 790 F.3d 1000 (10th Cir. 2015) (*id.* at ¶ 17). Her second cause of action alleges that the conduct of Defendants caused her injuries and requests that "[a]ll non-Indian Officers are held liable for damages within Indian Country Jurisdiction" (*id.* at ¶ 21). And the third

6

asks the court for injunctive relief stemming from constitutional and congressional act violations arising from "Duchesne County official [state] policies and practices, ... [that] do [] not apply to Native Indians in Indian Country boundaries" (*id.* at ¶ 28).

Although the court understands Ms. Amboh's position and has carefully considered her allegations of state agents lacking jurisdiction in Indian Country, the argument Ms. Amboh seeks relief under has previously been rejected by the Tenth Circuit and this court. In the consolidated action of *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah v. The State of Utah et al*, 2:75-cv-00408-BSJ & 2:13-cv-00276-TS, *2 (D. Utah Oct. 3, 2014), this court cited to *Ute Indian Tribe of the Uintah & Ouray Reservation v. State of Utah et al*, 114 F.3d 1513 (10th Cir. 1997), and reaffirmed that "it is undisputed that the lands within the boundaries of Roosevelt City are lands which were homesteaded or otherwise came under the 1902-1905 legislation and therefore are not within Reservation." In the Tenth Circuit case cited by this court above, the court details the tension in cases on the issue of whether or not congressional action diminished the Uintah Valley Reservation. 114 F.3d at 1516. Ultimately the Tenth Circuit held that Roosevelt City, Utah was "within the original boundaries of the Uintah Valley Reservation," 114 F.3d at 1518, but that Roosevelt City had been fee lands removed from the Reservation under the 1902–1905 allotment legislation and thus the city could exercise civil and criminal jurisdiction over the land. *Id.* at 1530. This holding was against revisited and significantly upheld in *Ute Indian Tribe of the Uintah & Ouray Reservation v. State of Utah*, 790 F.3d 1000 (10th Cir. 2015), when the state of Utah unlawfully tried to displace tribal authority on tribal lands.

Thus, Plaintiff fails to state a claim upon which relief can be granted as the premise of her case has been rejected by the Tenth Circuit and this court. Plaintiff's argument that those involved with her arrest and conviction acted without jurisdiction after her arrest and conviction occurred

on Indian Country is not plausible given that Roosevelt City has been determined to be outside of Indian Country Jurisdiction. Under the current case law, Roosevelt City falls outside the boundaries of the Uintah Valley Reservation, and Plaintiff's claims are therefore without merit.

Plaintiff's argument that *Ute Indian Tribe of the Uintah & Ouray Reservation v. State of Utah et al*, 114 F.3d 1513 (10th Cir. 1997) leaves the Defendants with no jurisdiction over her as a Tribal member is misplaced. As explained above, in that case, the Tenth Circuit refused to modify its mandate regarding Indian Country jurisdiction as "to all trust lands, the National Forest Lands, the Uncompahgre Reservation, and the disputed categories of non-trust lands," but modified its previous mandate in accordance with Utah Supreme Court case *State v. Hagen*[2] so that lands removed from the Reservation under the 1902–1905 allotment legislation were no longer under Indian Country Jurisdiction. *Id.* at 1530–31. This holding is explicitly stated in the decision: "The state and local defendants have jurisdiction over the fee lands removed from the Reservation under the 1902–1905 allotment legislation." *Id.* at 1530. And Roosevelt City was defined as one of the defendants comprising the "state and local defendants" definition in the decision. *Id.* at 1515.

Plaintiff's argument under the later case, *Ute Indian Tribe of the Unitah & Ouray Reservation v. State of Utah*, 790 F.3d 1000 (10th Cir. 2015) suffers from similar flaws. This case involved a tribal member being prosecuted by Wasatch County "for alleged traffic offenses in the

---

[2] In *State v. Hagen*, 858 P.2d 925, 926 (Utah 1992), the Utah Supreme Court held that the city of Myton, Utah was no longer Indian Country due to the 1902 and 1905 congressional acts diminishing the original Uintah Indian Reservation boundaries. *See also State v. Perank*, 585 P.2d 927, 934 n. 10 (Utah 1992) (stating that the city of Roosevelt was "in the disputed area that the State contends is not subject to tribal jurisdiction" and which the court held ultimately lied outside the boundaries of the Reservation). The holding in *Hagen* was later affirmed by the United States Supreme Court in *Hagen v. Utah*, 510 U.S. 399, 421–22 (1994) ("We conclude that the Uintah Indian Reservation has been diminished by Congress. Accordingly, the town of Myton, where petitioner committed a crime, is not in Indian country and the Utah courts properly exercised criminal jurisdiction over him. We therefore affirm the judgment of the Utah Supreme Court").

national forest that *Ute III*[3] and *V*[4] recognized as Indian Country." *Id.* at 1005. However, the Tenth Circuit makes clear that the lands that were held not diminished by their holdings were only "the national forest and Uncompahgre lands." *Id.* at 1004. Although the Tenth Circuit proceeds to affirm that these lands were still Indian Country, the court makes no changes to the finding that there was a diminishment to part of the Uintah Valley Reservation, which includes Roosevelt City. *Id*. As such, this case does not change the court's reasoning or save Plaintiff's Complaint.

In conclusion, even construing Ms. Amboh's allegations in the light most favorable to her, her Complaint fails to state a claim for relief that is plausible on its face because her contention that Defendants lacked jurisdiction over her is without merit. Based on the ruling the court does not find it necessary to address the other arguments of Defendants.

### IV.    FAILURE TO SERVE

In addition to the above, the court addresses Plaintiff's failure to timely serve Duchesne County. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed R. Civ. P. 4(m). In its January 13, 2022 Order to Show Cause (ECF 9) and again, on October 28, 2022 (ECF 11), the court warned Plaintiff that Defendants may be dismissed if not timely served. Plaintiff failed to serve Duchesne County or request an extension of time for service. It has now been nearly two years since the Complaint in this case was filed on September 27, 2021 (ECF 1). The court therefore finds that Plaintiff has failed to show good cause for any additional

---

[3] *Ute Indian Tribe v. State of Utah*, 773 F.2d 1087, 1093 (10th Cir. 1985).

[4] *Ute Indian Tribe of the Uintah & Ouray Reservation v. State of Utah et al*, 114 F.3d 1513 (10th Cir. 1997).

extensions of time for service of Duchesne County. The court therefore RECOMMENDS that Plaintiff's claims against Duchesne County be dismissed without prejudice.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned therefore RECOMMENDS as follows:

1. Defendants' Motions (ECF 22; ECF 23) pursuant to Rule 12(b)(6) be GRANTED;
2. Duchesne County be dismissed for failure to serve; and
3. Plaintiff's Complaint be dismissed without prejudice.

## VI. NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 7 July 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah