## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TARA JEANNE AMBOH,<br><br>    Plaintiff,<br><br>v.<br><br>DUCHESNE COUNTY; THE EIGHTH DISTRICT COURT, DUCHESNE COUNTY; and STEPHEN FOOTE<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTIONS TO DISMISS<br><br>Case No. 2:21-cv-00564-JNP-CMR<br><br>District Judge Jill N. Parrish |

Plaintiff Tara Amboh filed a civil complaint against Duchesne County, the Eighth District Court, and Duchesne County Attorney Stephen Foote for claims arising from a traffic stop in Roosevelt City. Ms. Amboh served the complaint on the Eighth District Court and Mr. Foote. But she did not serve Duchesne County. The Eighth District Court and Mr. Foote moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 22 and 23. Magistrate Judge Cecilia M. Romero issued a Report and Recommendation that the court grant the motions to dismiss and to dismiss Duchesne County for Ms. Amboh's failure to serve the complaint. Ms. Amboh filed an objection to the Report and Recommendation.

The court ADOPTS the Report and Recommendation and GRANTS the Eighth District Court's and Mr. Foote's motions to dismiss under Rule 12(b)(6). The court further DISMISSES Ms. Amboh's claims against Duchesne County for her failure to properly serve the complaint.

### BACKGROUND

In December 2020, Ms. Amboh was pulled over and arrested for traffic violations in Roosevelt City, Utah. Ms. Amboh was later convicted for interference with an arresting officer and

operating a vehicle without insurance in the Eighth District Court of the State of Utah in Duchesne County. In August 2021, Ms. Amboh filed a complaint in this court against Duchesne County, the Eighth District Court, and Duchesne County Attorney Stephen Foote, stating three causes of action—all of which stem from Ms. Amboh's allegation that the defendants acted without jurisdiction over her as a member of the Uintah Band because the arrest occurred in Indian country within the Uintah and Ouray Reservation. While summonses were returned for Mr. Foote and the Eighth District Court in late 2022, no summons has been returned for Duchesne County despite Ms. Amboh receiving reminders that failure to properly serve may result in dismissal.

Both Mr. Foote and the Eighth District Court filed motions to dismiss, with Mr. Foote arguing, in relevant part, that Ms. Amboh cannot prevail as a matter of law because the infractions for which she was arrested and convicted did not occur within Indian country jurisdiction. This reasoning was adopted in Magistrate Judge Cecilia M. Romero's Report and Recommendation that the defendants' motions be granted and that Ms. Amboh's complaint be dismissed. Judge Romero reasoned that because the Tenth Circuit and this court have established that Roosevelt City is not within Indian country, Ms. Amboh fails to state a claim upon which relief can be granted. Judge Romero also recommended that defendant Duchesne County be dismissed for failure to serve. Ms. Amboh filed an objection to Judge Romero's Report and Recommendation.

## STANDARD OF REVIEW

The court revies de novo the portions of the Report and Recommendation to which Ms. Amboh has objected. FED. R. CIV. P. 72(b)(3).

## ANALYSIS

### I.    FAILURE TO STATE A CLAIM

It appears that Ms. Amboh, in her objection and later reply to the defendants' responses to the objection, rejects Judge Romero's conclusion that Roosevelt City is not within Indian country. To support her objection, Ms. Amboh cites several cases, including some of the Tenth Circuit cases that have come to be known as *Ute I*, *Ute II*, *Ute III*, *Ute V*, and *Ute VI. See Ute Indian Tribe of the Uintah v. Myton* (*Ute VII*), 835 F.3d 1255, 1258–59 (10th Cir. 2016) (summarizing cases concerning the jurisdictional boundaries of the Uintah and Ouray Reservation). Ms. Amboh also cites cases that do not concern the jurisdictional status of Roosevelt City.

For example, Ms. Amboh cites both *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) and *Hooper v. City of Tulsa*, 71 F.4th 1270 (10th Cir. 2023) to support the proposition that state officials do not have jurisdiction over tribal members in Indian Country. *See* ECF 35. Indeed, "[s]tate courts generally have no jurisdiction to try Indians for conduct committed in Indian Country." *McGirt*, 140 S. Ct. at 2459 (citation omitted). While it is true that Roosevelt City officials do not have jurisdiction over tribal members in Indian country, neither *McGirt* nor *Hooper* establish that Roosevelt City is within Indian country—which is precisely what Ms. Amboh must show to sustain her claims. Instead, both cases address the status of Indian country within Oklahoma. *See id.* at 2460–62 (holding that land granted to the Creek Nation in Oklahoma was not disestablished and remained Indian country); *Hooper*, 71 F.4th at 1285 (holding that the City of Tulsa in Oklahoma does not have jurisdiction over municipal violations committed by tribal members). Thus, neither case supports Ms. Amboh's objection.

And while some of the Tenth Circuit cases cited by Ms. Amboh address the issue of the boundaries of the Uintah and Ouray Reservation, none of them support the assertion that Roosevelt

City is within Indian country jurisdiction. In fact, as Judge Romero observed in her Report and Recommendation, they demonstrate the opposite. To illustrate, Ms. Amboh argues that *Ute Indian Tribe of the Uintah and Ouray Reservation v. Utah* (*Ute VI*), 790 F.3d 1000 (10th Cir. 2015) and *Ute VII* support her claim that the "boundaries of the Uinta Valley Reserve . . . [have] not been disestablished or diminished." ECF No. 36. In *Hagen v. State*, however, the Supreme Court held that the Uintah and Ouray Reservation *had* been diminished by Congressional allotment legislation in 1902 and 1905. 510 U.S. 399, 420 (1994) ("Because the textual and contemporaneous evidence is clear . . . the Uintah Reservation was diminished.").

Following *Hagen*, the Tenth Circuit reconciled its previous jurisdictional holdings with the *Hagen* decision and concluded that "those lands passing in fee to non-Indians pursuant to the 1902–1905 allotment legislation. . . . are no longer within Indian country." *Ute Indian Tribe of the Uintah and Ouray Rsrv. v. Utah* (*Ute V*), 114 F.3d 1513, 1530 (10th Cir. 1997). As such, the court observed that the "the state and local defendants," including Roosevelt City, "have jurisdiction over the fee lands removed from the Reservation under the 1902–1905 allotment legislation." *Id*. at 1515, 1530. Neither *Ute VI* nor *Ute VII*, disturbed the holding of *Ute V*. *See Ute VI*, 790 F.3d at 1004; *Ute VII*, 835 F.3d at 1259. Thus, neither of the Tenth Circuit cases cited by Ms. Amboh shows that Roosevelt City is within Indian country.

This court has dismissed claims against Roosevelt City when its jurisdiction was challenged. In the extensively litigated *Ute Indian Tribe* case, this court held that "it is undisputed that the lands within the boundaries of Roosevelt City are lands which were homesteaded or otherwise came under the 1902-1905 legislation and therefore are not within Reservation." *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Utah*, 2:75-cv-00408-BSJ (D. Utah Oct. 3, 2014). In that case, counsel for Roosevelt City represented that there are patents "proving transfer of land

from the United States to non-Indian individuals for *all* land within the boundaries of Roosevelt City." *Id.* (emphasis added). Thus, because none of the cases cited by Ms. Amboh dispute the fact that Roosevelt City is not Indian country, her objection is overruled.

Finally, in Ms. Amboh's reply brief, she appears to argue that Roosevelt City was not legally established under the Homestead Act of 1862 and therefore Roosevelt City officials cannot assert jurisdiction over her. But crediting her objection would require this court to ignore the precedent detailed above, which established that Roosevelt City is not Indian country. Accordingly, this objection is overruled as well. This court agrees with Judge Romero that Roosevelt City is not within Indian country jurisdiction and that Ms. Amboh's claims are premised on that being the case. Therefore, Ms. Amboh fails to state a claim upon which relief can be granted. This court adopts Judge Romero's recommendation to grant the defendants' motions to dismiss pursuant to Rule 12(b)(6).

## II.     FAILURE TO SERVE

Ms. Amboh also objects to Judge Romero's recommendation that Duchesne County be dismissed for failure to serve, arguing that if service is improper but curable, the court should generally quash service and give the plaintiff an opportunity to re-serve. As Ms. Amboh and Judge Romero's Report and Recommendation recognize, however, the court retains discretion to dismiss an action without prejudice for failure to properly serve under Rule 4(m). Where Ms. Amboh has failed to serve Duchesne County or request an extension of time of service after this court issued two orders (ECF no. 9 and ECF No. 11) warning her that failure to serve could result in Defendants being dismissed, Ms. Amboh's objection is overruled. Additionally, even if Ms. Amboh were given more time to serve, such service would be futile where Ms. Amboh has failed to state a claim upon which relief can be granted. *See Gregory v. United States/U.S. Bankr. Ct. for Dist. of Colo.*,

942 F.2d 1498, 1500 (10th Cir. 1991) (holding that the district court properly dismissed claims against a defendant for improper service because the plaintiff's claims were futile); *Jackson v. Schryver Med. Sales & Mktg.*, No. 07-cv-01371-WYD-KMT, 2008 WL 3878023, at *1–*2 (D. Colo. Aug. 20, 2008) (ruling that an extension of time for service would be futile where plaintiff failed to state a claim upon which relief could be granted). Thus, this court adopts Judge Romero's recommendation that Duchesne County be dismissed for failure to serve.

## CONCLUSION

For the above-stated reasons, the court rules as follows:

1)	The court OVERRULES Ms. Amboh's objections and ADOPTS Judge Romero's Report and Recommendation in full. ECF No. 35.

2)	The court GRANTS the Eighth District Court's and Mr. Foote's Motions to Dismiss the claims against them pursuant to Rule 12(b)(6). ECF No. 22; ECF No. 23.

3)	The court DISMISSES Duchesne County for failure to serve.

DATED September 18, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge

6